# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| M2M SOLUTIONS L.L.C., a Delaware limited liability company, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 12-033-RGA |
| MOTOROLA SOLUTIONS, INC., a Delaware corporation, TELIT COMMUNICATIONS PLC, a United Kingdom public limited company, and TELIT WIRELESS SOLUTIONS, INC., a Delaware corporation, | ) ) ) ) ) ) ) | ████████████ REDACTED - PUBLIC VERSION |
| Defendants. | ) ) ) | |

## PLAINTIFF M2M SOLUTIONS L.L.C.'S OPENING BREIF IN SUPPORT OF ITS MOTION TO EXCLUDE OPINIONS OF MR. DONOHOE

Dated:  July 10, 2015
Redacted Version Filed: July 24, 2015
Of Counsel:

FOLEY & LARDNER LLP
Marc N. Henschke
111 Huntington Avenue, Suite 2600
Boston, MA  02199

Jeffrey N. Costakos
777 E Wisconsin Avenue
Milwaukee, WI  53202

Jason J. Keener
Matthew J. Shin
Jeffrey J. Mikrut
321 North Clark Street
Chicago, IL 60654

BAYARD, P.A.

Richard D. Kirk (#0922)
Stephen B. Brauerman (#4952)
Vanessa R. Tiradentes (#5398)
Sara E. Bussiere (#5725)
222 Delaware Avenue, Suite 900
Wilmington, DE  19801
(302) 655-5000
rkirk@bayardlaw.com
sbrauerman@bayardlaw.com
vtiradentes@bayardlaw.com
sbussiere@bayardlaw.com

Attorneys for Plaintiff,
M2M SOLUTIONS LLC

**TABLE OF CONTENTS**

I.  Introduction ........................................................................................................... 1

II.  Background ........................................................................................................... 1

    A.  ████████ License Agreement............................................................... 1

    B.  █████ License Agreement..................................................................... 2

III.  Legal Standard ..................................................................................................... 3

IV.  Argument .............................................................................................................. 5

    A.  The ██████████████ FRAND Licenses Are Not Economically Comparable. ......................................................................................................... 5

    B.  The ██████████████ Licenses are Not Technologically Comparable. ....... 7

V.  Conclusion ............................................................................................................ 8

# TABLE OF AUTHORITIES

*Apple Inc. v. Motorola, Inc.*,
        757 F.3d 1286, 1314 (Fed. Cir. 2014)……………………………………….……….3

*AVM Techs., LLC v. Intel Corp.*,
        10-610-RGA, 2013 U.S. Dist. LEXIS 1165 (D. Del. Jan. 4, 2013)……………….5

*Daubert v. Merrell Dow Pharms., Inc.*,
        509 U.S. 579 (1993)…………………………………………………………………….3

*Dataquill Ltd. V. High Tech Computer Corp.*,
        887 F.Supp. 999 (S.D. Cal. 2011)……………………………………..…….5

*Georgia-Pacific Corp. v. U.S. Plywood Corp.*,
        318 F. Supp. 1116 (S.D.N.Y. 1970)…………………………………..……..4

*Kumho Tire Co. v. Carmichael*,
        526 U.S. 137 (1999)……………………………………………….……………3

*Laser Dynamics, Inc. v. Quanta Computer, Inc.*,
        694 F.3d 51 (Fed. Cir. 2012)……………………………………………....4, 7

*Lucent Techs., Inc. v. Gateway, Inc.*,
         580 F.3d 1301 (Fed. Cir. 2009)……………………………………….…..4

*ResQNet.com, Inc. v. Lansa, Inc.*,
        594 F.3d 860 (Fed. Cir. 2010)……………………………………..………4, 7

*Smith v. Ford Motor Co.*,
        215 F.3d 713 (7th Cir. 2000)…………………………………………...…….3

*Sprint Comm'n Co. L.P. v. Comcast IP Holdings, LLC*,
        12-1013-RGA, 2015 U.S. Dist. LEXIS 10838 (D. Del. Jan. 30, 2015)……...4, 5, 7

*Uniloc USA, Inc. v. Microsoft Corp.*,
        632 F.3d 1292 (Fed. Cir. 2011)………………………………………...…..4

*Virnetx, Inc. v. Cisco Sys., Inc.*,
         767 F.3d 1308 (Fed. Cir. 2014)……………………...…………………………3

*Worldtech Sys. Inc. v. Integrated Networks Solutions, Inc.*,
        609 F.3d 1308 (Fed. Cir. 2010)…………………………………………...…..4

## I.    Introduction

Plaintiff M2M Solutions, LLC ("M2M") moves to exclude Telit Communications PLC's and Telit Wireless Solutions, Inc.'s (collectively, "Telit") damages expert's, Mr. Donohoe, opinions related to a running royalty rate due to his improper reliance on two non-comparable license agreements.  These two license agreements are neither economically nor technologically comparable to the hypothetical negotiation.  With respect to economic comparability, both agreements are FRAND license agreements for large worldwide patent portfolios entered into long before they hypothetical negotiation.  With respect to technology comparability, neither agreement covers the patent-in-suit or anything related to the claimed technology or even the M2M industry.  Instead, the agreements cover standards-essential cellular transmission protocols.

## II.    Background

Mr. Donohoe's running royalty rate damages analysis is driven exclusively by his analysis of two license agreements, ███████████████████████████ ███████████████ (Ex. A, Donohoe Rep. at 34-36).[1]  Mr. Donohoe agreed that if the ███████████████ licenses are found incomparable, his report does not offer any alternate calculation of a running royalty.  (Ex. B, Donohoe Tr. 288:9-289:22).

### A.    ███████████ License Agreement

████████████████████████████████████████████████████████ ████████████████████████████████████████████████████ (Ex. A, Donohoe Rep. ¶ 119).   These patents are standards essential patents that are licensed on a FRAND (fair, reasonable, and non-discriminatory) basis.  *Id.*  (Ex. B, Donohoe Tr.

---

[1] Mr. Donohoe has a separate opinion as to a lump sum reasonable royalty based on an allegedly non-infringing alternative.  This motion is not seeking to exclude that opinion.

268:12-18) █████████████████████████████████

█████████████████████████████████

█████████████████████████████████████

█████████████████████████████████████

█████████████████████████████████████

█████████████████████████████████████

█████████████████████████████████████

██████████████████

█████████████████████████████████████

█████████████████████████████████████

█████████████████████████████████████

█████████████████████████████████████

**B.**    ████████ **License Agreement**

█████████████████████████████████████

█████████████████████████████████████

████████████████. These patents are standard essential patents that are licensed on a

FRAND basis. *Id.* (Ex. B, Donohoe Tr. 276:17-22) ███████████████

█████████████████████████████████████

██████

█████████████████████████████████████

█████████████████████████████████████

█████████████████████████████████████

█████████████████████████████████████

███████████████████████████

2

███████████████████████████████████████

████████████████████████████████████████

███████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████

### III.   Legal Standard

To demonstrate admissibility, Telit bears the burden to show Mr. Donohoe's testimony meets the standards set forth in Federal Rule of Evidence 702. *Virnetx, Inc. v. Cisco Sys., Inc.*, 767 F.3d 1308, 1328 (Fed. Cir. 2014).  Rule 702 requires that: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case. Fed. R. Evid. 702.

In *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993), and *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), the Supreme Court explained that the district court must perform a gatekeeping function and determine whether the expert is proposing to testify to (1) scientific, technical, or other specialized knowledge that (2) will assist the trier of fact to understand or determine a fact in issue. *Daubert*, 509 U.S. at 592 (citing Fed. R. Evid. 104(a)); *Kumho Tire*, 526 U.S. at 141. As the Federal Circuit has explained, "a district court judge, acting as a gatekeeper, may exclude evidence if it is based upon unreliable principles or methods, or legally insufficient facts and data." *Apple Inc. v. Motorola, Inc.*, 757 F.3d 1286, 1314 (Fed. Cir. 2014) (citing *Smith v. Ford Motor Co.*, 215 F.3d 713, 718 (7th Cir. 2000)); *see also Brown*, 765 F.3d at 772 (describing non-

3

exhaustive list of factors considered by the Seventh Circuit).

In addition to being "reliable," the expert's testimony must also be "relevant." It must be "sufficiently tied to the facts of the case that it will aid the jury in resolving a factual dispute." *See Uniloc USA, Inc. v. Microsoft Corp.*, 632 F.3d 1292, 1315 (Fed. Cir. 2011) (quoting *Daubert*, 509 U.S. at 591). If the patentee fails to tie an expert's theory to the facts of the case, the testimony must be excluded. *Id.* "Any evidence unrelated to the claimed invention does not support compensation for infringement but punishes beyond the reach of the statute." *ResQNet.com, Inc. v. Lansa, Inc.*, 594 F.3d 860, 869 (Fed. Cir. 2010).

As recently summarized by this Court:

[T]he second *Georgia-Pacific* factor, [] looks at 'the rates paid by the licensee for the use of other patents comparable to the patent in suit.' *Georgia-Pacific Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970). This factor examines whether the licenses relied on by the patentee in proving damages are sufficiently comparable to the hypothetical license at issue. *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1325 (Fed. Cir. 2009). There must be a basis in fact to associate the royalty rates used in prior licenses to the particular hypothetical negotiation at issue. *Unilock USA, Inc. v. Microsoft Corp.*, 632 F.3d 1292, 1317 (Fed. Cir. 2011). A patentee cannot rely on license agreements that are radically different from the hypothetical agreement under consideration. *Id.* at 1316. Comparisons of past patent licenses to the infringement must account for the technological and economic differences between them. *Worldtech Sys. Inc. v. Integrated Networks Solutions, Inc.*, 609 F.3d 1308, 1320 (Fed. Cir. 2010). When relying on licenses to prove a reasonable royalty, alleging a loose or vague comparability between different technologies or licenses does not suffice. *Laser Dynamics, Inc. v. Quanta Computer, Inc.*, 694 F.3d 51, 79 (Fed. Cir. 2012).

*Sprint Comm'n Co. L.P. v. Comcast IP Holdings, LLC*, 12-1013-RGA, 2015 U.S. Dist. LEXIS 10838 *2 (D. Del. Jan. 30, 2015).

For the reasons explained below, Mr. Donohoe's testimony related to his running

4

royalty calculation is unreliable and should be excluded in its entirety.

## IV.    Argument

### A.    The ▇▇▇▇▇▇▇▇▇▇▇▇▇▇ FRAND Licenses Are Not Economically Comparable.

Where an expert makes no attempt to account for the economic differences between the hypothetical negotiation and the allegedly comparable licenses, the expert's opinions should be properly excluded. *Dataquill Ltd. V. High Tech Computer Corp.*, 887 F.Supp. 999, 1023 (S.D. Cal. 2011). In *Dataquill*, the court properly excluded expert testimony regarding allegedly comparable license agreements where those agreements were licenses with "heavyweights in the telecommunications industry such as *Qualcomm*…for entire portfolios of patents" and were worldwide licenses for hundreds of patents. *Id.* at 1024 (emphasis added). Similarly, in *AVM Techs*, this Court excluded three different portfolio patent license agreements, holding "a patentee may not argue that prior licenses granting rights to entire portfolios of patents are comparable to a license that the parties would have negotiated for a single asserted patent. *AVM Techs., LLC v. Intel Corp.*, 10-610-RGA, 2013 U.S. Dist. LEXIS 1165, *9 (D. Del. Jan. 4, 2013). Finally, in *Sprint Comm'n*, this Court again excluded an expert's reliance on four license agreements where (1) none of the agreements included the patents-in-suit; (2) all four included rights to additional patents and international rights; (3) three of the four license agreements occurred a number of years after the hypothetical negotiation date; and (4) three of the four license agreements resulted from settlement of litigation, thus not representing the behavior of two willing licensors. *Id.* at *3.

Similar to these cases, both ▇▇▇▇▇▇▇▇▇▇▇▇▇ license agreements in this case are licenses to entire worldwide portfolios of numerous patents and not for the

5

patent-in-suit. Thus, the economic considerations involved in negotiating these agreements would be radically different from the current hypothetical negotiation of one patent for domestic rights. (Ex. E, Bero Reply Rep. at 12).

Moreover, as the ████████████████ licenses are even further economically incomparable due to their FRAND nature. At his deposition, Mr. Donohoe himself went to great lengths to discuss the different economic considerations in a FRAND license versus the hypothetical negotiation in this case, including:

- "In a fair, reasonable, and non-discriminatory basis, you can have, for example, all parties must be offered a license. In a standard patent license you don't have to grant a license to all potential licensees." (Ex. B, Donohoe Tr. 21:16-21).

- "In a FRAND or RAND environment or situation you have to license in a non-discriminatory fashion. Every party gets substantially the same deal. And in a patent licensing, standard patent licensing situation, while that's usually the case, it's not always the case." (Ex. B, Donohoe Tr. 21:21-22:3)

- "If I don't have negotiating power, for example, you might be able to patent—you might be able to exact a higher royalty than a party down the street who has better negotiating power." (Ex. B, Donohoe Tr. 23:11-15).

- "Whether he likes them or doesn't like them. And whether their negotiating position is weak or strong, they have to grant a license that's non-discriminatory, the same for everybody, or substantially the same for everybody, and it has to be fair and reasonable and non-discriminatory. In a non-essential patent licensing context, the licensee doesn't have to license everybody. It can license whoever the party it wants to. It doesn't have to license on a non-discriminatory basis. It can license one party with a high rate or a with some kind of conditions that are more onerous than for other licensees." (Ex. B, Donohoe Tr. 24:7-22)

- In a FRAND negotiation, the parties don't take into account anything specific about the licensee, such as profit, revenue, size, bargaining strength, or number of units sold. (Ex. B, Donohoe Tr. 27:23-30:6)

- In a FRAND negotiation, the parties are do not consider any alternatives or design-arounds. (Ex. B, Donohoe Tr. 30:12-31:2)

6

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████

     Finally, neither of the agreements were entered near in time to the January, 2012 hypothetical negotiation. ████████████████████████████████████████████████████ ████████ That alone makes them not economically comparable.  However, due to their FRAND nature, the actual royalty rates were negotiated much earlier. ████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████.

     **B.**    **The ██████████████████████ Licenses are Not Technologically Comparable.**

     Where an expert relies upon license agreements that are not technologically comparable to the patent-in-suit, the expert's opinions should be properly excluded. *Sprint Comm'n Co. L.P.*, 2015 U.S. Dist. LEXIS 10838 at *3-8.  Thus, Mr. Donohoe must show that the underlying technology is comparable.  *Laser Dynamics, Inc.*, 694 F.3d at 79; *ResQNet.com, Inc. v. Lansa, Inc.*, 594 F.3d 860 (Fed. Cir. 2010) (rejecting license agreements that did not mention the patents-in-suit nor showed any discernable link to the claimed technology).

     Mr. Donohoe's report falls well short of establishing that either of these agreements cover comparable technology.  As a starting point, neither the ████████ nor

the ▮▮▮▮▮▮ license agreements cover the patent-in-suit.  The extent of Mr. Donohoe's opinion is that since the ▮▮▮▮▮▮▮▮▮▮ agreements are standards essential, the agreements "are comparable in the sense that they are significantly more important than the '010 patent."  (Ex. A, Donohoe Rep. ¶122).  This opinion does not withstand scrutiny. Neither agreement covers all of the Telit accused products.  Further, both of the agreements are much broader than the M2M industry, instead covering cellular communications protocols (CDMA or GSM/GPRS) covering the world's cellular phones. The patent-in-suit (depending on the technical expert) either covers intelligent and remotely programmable machine-to-machine ("M2M") communications (M2M Solution's view) or a security feature involved in M2M communications (Telit's view). Under either view, it is a radically different technology from standards-essential protocols for cellular communications.  (Ex. E, Bero Reply Rep. at 12).

## V.      Conclusion

As Mr. Donohoe's sole support for his running royalty opinion is based on economically and technologically incomparable license agreements, M2M Solutions respectfully requests the Court exclude Mr. Donohoe from providing any opinions with respect to the proper running royalty.

Dated:  July 10, 2015
 Redacted Version Filed: July 24, 2015
Of Counsel:

FOLEY & LARDNER LLP
Marc N. Henschke
111 Huntington Avenue, Suite 2600
Boston, MA  02199
(617) 342-4000
mhenschke@foley.com

Jeffrey N. Costakos
777 E Wisconsin Avenue
Milwaukee, WI  53202
(414) 271-2400
jcostakos@foley.com

Jason J. Keener
Matthew J. Shin
Jeffrey J. Mikrut
321 North Clark Street
Chicago, IL 60654
(312) 832-4500
jkeener@foley.com
mshin@foley.com
jmikrut@foley.com

BAYARD, P.A.

*/s/ Richard D. Kirk*
Richard D. Kirk (#0922)
Stephen B. Brauerman (#4952)
Vanessa R. Tiradentes(#5398)
Sara E. Bussiere (#5725)
222 Delaware Avenue, Suite 900
Wilmington, DE  19801
(302) 655-5000
rkirk@bayardlaw.com
sbrauerman@bayardlaw.com
vtiradentes@bayardlaw.com
sbussiere@bayardlaw.com

Attorneys for Plaintiff,
M2M SOLUTIONS LLC