IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| M2M SOLUTIONS LLC, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 12-33-RGA |
| MOTOROLA SOLUTIONS INC., et al., | : |
| Defendants. | : |

**MEMORANDUM ORDER**

Defendant Telit has filed a motion to redact (D.I. 246) a transcript of a hearing. It is partially opposed. (D.I. 252; *see also* D.I. 259 [Telit's reply]). I consider the motion in light of a prior thoughtful decision of this Court, to wit, *Mosaid Tech Inc. v. LSI Corp*, 878 F.Supp.2d 503 (D.Del. 2012) (Burke, M.J.).

The party seeking to seal has to establish good cause. Good cause requires a showing that "disclosure will work a clearly defined and serious injury to [that party]. The injury must be shown with specificity." *Id.* at 507 (alteration in the original; citations and internal quotation marks omitted). Or, in other words, the party seeking to seal judicial records must demonstrate "a compelling interest" in shielding those materials from public view. *Id.* at 508. Among other things, I have considered the various factors, to the extent relevant, set forth in *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994), Courts should consider:

> (1) whether disclosure will violate any privacy interests; (2) whether the information being sought is for a legitimate purpose; (3) whether disclosure will cause embarrassment to a party; (4) whether the information to be disclosed is important to public health and safety; (5) whether sharing the information among litigants will promote fairness and efficiency; (6) whether the party benefitting from the order is a public entity or official; and (7) whether the case involves issues important to the public.

*Mosaid*, 878 F.Supp.2d at 508 n.2 (citing *Pansy*).

Defendant has not submitted an affidavit/declaration in support of its motion.

Simply because the parties have designated the information as confidential, highly confidential, confidential – attorneys' eyes only, etc., under a protective order is irrelevant to the present issue, that is, whether the information should be redacted from a judicial transcript. There is not much public interest in the information that is exchanged in discovery. Once, however, it is disclosed in a judicial proceedings, it is in the public interest to be able to understand the proceedings before a judge, and redaction of the transcript hinders that public interest. Nevertheless, there are things that might be appropriately sealed in a public proceeding, such as the pricing terms in license agreements, some other non-public financial information, trade secrets, and other proprietary technology. Information in a transcript may hint at some of these things without actually threatening any "clearly defined and serious injury." Things that typically weigh against the necessity of sealing include that the information is old, or general, or already in the public record, and was relevant to the judicial proceeding. Further, if there is a need for redactions, the proposed redactions should be as narrow as possible.

I **GRANT IN PART** and **DENY IN PART** the motion to redact. (D.I. 246). It is not supported by anything other than argument. I will grant the motion as to 19:8, 11-12 (profit), 63:3, 14-15, 17 (third party license agreement royalties), and the index. I am not persuaded that disclosure of the other information will work any clearly defined and serious injury to Telit. Therefore, as to the rest, the motion is denied.

IT IS SO ORDERED this 2 day of February, 2016.

Richard G. Andrews
United States District Judge